**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 30, 2011
Decided March 28, 2012

*Before*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 11-1255 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | |
| | No. 08-CR-00947 |
| *v.* | |
| | **Amy J. St. Eve**, *Judge*. |
| RAUL PALACIOS,<br>*Defendant-Appellant*. | |

**O R D E R**

Raul Palacios pleaded guilty to possession of, with intent to distribute, at least 500 grams of cocaine under 21 U.S.C. §§ 841(a) and (b)(1)(B). In her presentence report, the probation officer recommended that Palacios's offense level be 28 due to the 2.5 kilograms of cocaine for which the probation officer found Palacios responsible. She recommended a three-level reduction for acceptance of responsibility, thus making his offense level 25, and

placed him in criminal history category one, with no criminal history points.[1] Palacios filed a sentencing position paper in which he argued that he should receive a safety-valve reduction that would result in a below-Guidelines sentence of 48 months' incarceration.  He based his request on his advanced age (he was 40 at the time of sentencing), his lack of education, his record of drug use and other medical issues, his ten-year-old daughter's heart surgeries, and the fact that he was working to support his family until he was arrested.

The district court held a sentencing hearing during which the government stated that Palacios qualified for the safety-valve reduction.  Palacios then stated that he had no further objections to the facts of the presentence report (including the quantity of drugs for which he was responsible).  The court found that Palacios qualified for the safety-valve reduction and adopted the remaining Guidelines calculations put forth in the probation officer's presentence report.  Palacios's base offense level thus became 23, and his Guidelines range was 46 to 57 months' incarceration.  The court heard arguments from both sides, and ultimately sentenced Palacios to 46 months in prison and four years of supervised release.  The court also ordered Palacios to pay a $100 special assessment.

Despite stating that he had no objections to the facts in the presentence report, Palacios brought this timely appeal of his sentence. His counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he believes that any appeal would be frivolous. Palacios opposes this motion in his Rule 51(b) response.  We confine our review to the potential issues in counsel's facially adequate brief and in Palacios's response. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). It appears from the briefs that Palacios wishes to withdraw his plea on the grounds that the district court did not comply with the requirements of Fed. R. Crim. P. 11(b)(1)-(3) during Palacios's sentencing hearing. He also challenges the reasonableness of his sentence.

Palacios's counsel first considers whether Palacios can challenge the voluntariness of his sentence because the district court failed to comply with Rule 11.  We review Rule 11 proceedings for plain error when an appellant did not seek to withdraw his plea in the district court. *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2008) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)).  An appellant must show: (1) that there was an error; (2) that the error was plain or obvious; (3) that the error affected his substantial rights; and (4) that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 734-36 (1993). The only potential Rule 11 issue raised by Palacios's sentencing is the fact that the district court did not inform him

---

[1]Palacios had three prior convictions, none of which counted under the Guidelines.

that he had the right to assistance of counsel, and that the court would appoint counsel if he could not afford it.  Other than that omission, the district court complied with all the requirements of Rule 11. Given that Palacios was represented by counsel who had been appointed by the court, there was no error that affected his substantial rights or that affected the fairness, integrity, or public reputation of the judicial proceeding. Therefore, we agree with Palacios's counsel that a challenge to Palacios's voluntary plea on this basis would be frivolous.

Palacios's counsel next considers whether to challenge the reasonableness of Palacios's sentence. We review a district court's application of the Sentencing Guidelines de novo, and review the district court's factual findings for clear error. *United States v. Branch*, 195 F.3d 928, 933 (7th Cir. 1999). We also review sentences for reasonableness, and will reverse only if we find that the district court abused its discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentence within the Guidelines is entitled to a rebuttable presumption of reasonableness. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Palacios initially disputed the amount of cocaine for which he was held responsible (2.5 kilograms), but at his sentencing hearing he conceded that the government was correct and that he had no objections to the facts laid out in the presentence report. He did object to the lack of a safety-valve reduction, but after the district court decided the reduction applied to Palacios, he waived any further challenges to the district court's factual findings. Furthermore, Palacios cannot overcome the presumption of reasonableness to which his sentence is entitled. The sentence fell at the bottom end of the appropriate Guidelines range, and the factors Palacios cited to support a below-Guidelines sentence (his age, lack of education, and his own medical issues as well as his daughter's), put forth without elaboration at his sentencing hearing, are insufficient to rebut the presumption of reasonableness. *See, e.g.*, *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008) (holding that a district court is well within its discretion to reject stock arguments during sentencing). While a below-Guidelines sentence may well have been appropriate for Palacios, we see no abuse of discretion in the district court's sentence. Thus, we agree with Palacios's counsel that it would be frivolous to challenge the reasonableness of Palacios's sentence.

Accordingly, we GRANT counsel's motion to withdraw under *Anders*, and we DISMISS Palacios's appeal.